DECISION
The matter before the Court is the application of the International Brotherhood of Police Officers, Local 369 for an Order directing the Town of Burrillville Police Department to show cause why certain rights should not be afforded its police officers pursuant to the Law Enforcement Officer's Bill of Rights or, in the alternative, a declaration from this Court that Officer George Pedro was suspended in violation of said Bill of Rights.
The facts are not significantly in dispute. Essentially, on or about November 19, 2001, Police Officer George Pedro, a permanent, full-time police officer employed by the Burrillville Police Department, received written notice from Colonel Bernard Gannon, Chief of Police of the Burrillville Police Department, that he was suspended without pay for one tour of duty (one day) and that such suspension will be considered to be continuing on a day-to-day basis until such time as he did comply with the Chief's order to establish residence in the Town, in accordance with the Town Charter.
In response to the disciplinary action imposed by the Chief, Officer Pedro requested a hearing under the provisions of 42-28.6-4 [Law Enforcement Officers Bill of Rights], which request was denied by the Chief.
The International Brotherhood of Police Officers prays this Court:
1. Declare that the Defendant Town of Burrillville violated R.I.G.L. 42-28.6-4 in the manner it suspended Officer George Pedro on or about November 19, 2001.
2. Order and direct the Defendant Town of Burrillville to reinstate Officer George Pedro forthwith, to compensate him for all lost pay and benefits, and to otherwise be made whole.
3. Such other relief as this Honorable Court deems equitable and just.
A resolution of this dispute centers on the interpretation of 42-28.6-4
and 42-28.6-13. Specifically, the Union argues that the Chief's order of a one day suspension without pay for each day the officer fails to comply with the residency requirement is "punitive" in nature and, as such, the officer is entitled to a hearing by a hearing committee. The Town argues, in effect, that 42-28.6-13 allows for summary punishment of two days suspension without pay may be imposed for minor violations and such punishment does not entitle the aggrieved officer to a hearing before the three person hearing committee.
The simple answer is that the statute is silent on the effect continuing violations of Department's rules and regulations, as well as disciplinary actions, have on the rights of the officer or agency. Each day an officer refuses to obey the direct order of his superior constitutes a new violation. Each sanction imposed on the officer for said violation is a separate and distinct sanction. As long as no sanction exceeds two days suspension without pay, there is no statutory right to a hearing. While it may be argued that the accumulation of sanctions is "punitive" in nature and, therefore, trigger the right to a hearing, it may also be argued that even a one day suspension is punitive and, therefore, entitles one to a hearing. Of course, the Legislature by enacting Section 18 clearly stated that such penalty does not allow for a hearing. Because the statute is silent on whether accumulated penalties are punitive, it is for the Legislature and not for this Court to decree that a hearing is required. The application and prayer sought by the plaintiff is, therefore, denied.